IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORRAINE TERCERO and
SANDRA HERNANDEZ,

        Plaintiffs,

vs.                                                                                      CIV. No. 98-180 JP/WWD

CITY OF ROSWELL, NEW MEXICO,
FORMER JUDGE RICHARD T. HOOVER,
and ROSWELL CITY MANAGER JOHN CAPPS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The subjects of this Memorandum Opinion and Order are (1) Plaintiffs' "Motion for Partial Summary Judgment on the Grounds of Collateral Estoppel" [Doc. No.16, filed June 8, 1998]; (2) Defendant Former Judge Richard T. Hoover's "Motion to Dismiss" [Doc. No. 12, filed May 5, 1998]; and (3) Defendants City of Roswell and City Manager John Capp's "Motion to Dismiss" [Doc. No. 8, filed May 6, 1998].

Plaintiffs' complaint arises from events that took place during their employment with the City of Roswell. Plaintiffs worked as clerks for the Municipal Court while Defendant Hoover was the presiding Municipal Judge for the City of Roswell. The New Mexico Judicial Standards Commission found numerous incidents of misconduct on the part of Defendant Hoover, and the New Mexico Supreme Court issued an order removing him from office on March 26, 1996. Plaintiffs have brought suit against former Judge Hoover under 42 U.S.C. § 1983, alleging that he violated their First Amendment rights to freedom of speech and religion by posting a picture of Jesus Christ outside of his office and by encouraging them to attend a religious revival, and by

retaliating against them when they objected. Plaintiffs allege that the former judge retaliated against them by pulling at his crotch, pressuring Plaintiffs to get him dates, calling Plaintiffs at home at late hours, and by taking Plaintiff Hernandez on a motorcycle ride and driving at 90 miles per hour. While Plaintiffs allege that Defendant Hoover's conduct "affected the terms and conditions of their employment," they do not state that Defendant Hoover made them feel as though their jobs depended on attending the revival, getting the judge dates, or on taking dangerous motorcycle rides with him.

Plaintiffs have also brought section 1983 claims against Roswell City Manager John Capps, claiming that he violated their First Amendment rights to freedom of speech and religion by requiring them to attend "Christian counseling" with Defendant Hoover. In addition, Plaintiffs allege that the City of Roswell is liable for the behavior of Defendants Hoover and Capps under section 1983.

**I. Plaintiffs' Motion for Partial Summary Judgment on the Grounds of Collateral Estoppel**

Plaintiffs assert that the findings of the New Mexico Judicial Standards Commission and subsequent order of the New Mexico Supreme Court removing Judge Hoover from office preclude Defendant Hoover from arguing that the events complained of did not occur, that the judge did not act under color of law, and that his conduct does not support a claim for punitive damages. When a federal court is asked to give preclusive effect to a state court judgment, the federal court should look at the state's law to determine if the state court itself would give the judgment preclusive effect. *See* 28 U.S.C. § 1738. *See also Kremer v. Chemical Construction Co.*, 456 U.S. 461, 466 (1982).

New Mexico law allows collateral estoppel to preclude a claim when (1) the issues sought

to be precluded are the same as those involved in the prior action; (2) the issues were actually litigated; (3) the issues were determined by a valid and final judgment, and (4) the party against whom collateral estoppel is invoked had a full and fair opportunity to litigate the issues. *Silva v. State*, 106 N.M. 472, 474-76 (1987). The Tenth Circuit applies a similar test, but also considers whether the later action was foreseeable in the prior one. *See Butler v. Pollard*, 800 F.2d 223 (10th Cir. 1986). Collateral estoppel does not apply in this case, as the findings of the Judicial Standards Commission and order of the New Mexico Supreme Court do not appear to meet either test.

Both tests require that the issues involved in the later action had been considered and resolved in the prior action. Here, the issues involved in the two actions are not the same. The Judicial Standards Commission considered whether Defendant Hoover violated the Code of Judicial Conduct, which requires a judge to maintain high standards of conduct in order to preserve the integrity of the judiciary. *See* NM Code of Judicial Conduct § 21-100. The Commission found that Defendant Hoover's conduct, unrelated to his behavior which is the subject of this action, was insufficient to meet this high standard. The Commission did not find that former Judge Hoover acted under color of law, or that he violated the Plaintiff's freedom of speech or religion. The findings of the Judicial Standards Commission do not mention Defendant Hoover's religious advocacy, which is the basis for the Plaintiffs' complaint against him.

In order for collateral estoppel to apply, each prong of the test must be satisfied. *See Silva*, 106 N.M. at 476. *See also Butler*, 800 F.2d at 224. Because the issues as to which the Judicial Standards Commission made findings are different from those involved in this case, collateral estoppel does not apply. Consequently, the Plaintiffs' motion for partial summary

3

judgment on the ground of collateral estoppel should be denied.

## II. Defendant Former Judge Richard T. Hoover's Motion to Dismiss

In order to bring a claim for violation of freedom of speech and religion under section 1983, Plaintiffs must show that the defendant acted under color of law. *Jojola v. Chavez*, 55 F.3d 488, 491 (10th Cir. 1995). The Tenth Circuit has stated that a person acts under color of law only when there is a "real nexus" between his or her position and the alleged violation. *Jojola*, 55 F.3d at 492.

In a case similar to this, the Sixth Circuit found that a judge was not judicially immune from suit under section 1983 for sexually assaulting an employee. *Archie v. Lanier*, 95 F.3d 438 (6th Cir. 1996). In a concurring opinion that is persuasive, Judge Merritt argued that because sexual assault is unrelated to carrying out authorized judicial duties, the defendant was not acting under color of law[1]. Although Judge Merritt did not specifically address whether the defendant's actions could be considered administrative duties, his conclusion indicates that he believed that the defendant's behavior was private, and was therefore neither judicial nor administrative in character. Similarly, in this case, it does not appear that there is a "real nexus" between

---

[1] Judge Lanier was convicted in a criminal prosecution under 18 U.S.C. § 242, and the trial court found that the judge was acting under color of law. *See United States v. Lanier*, 33 F.3d 639, 653 (6th Cir. 1994). The conviction initially was affirmed by a panel of the Sixth Circuit Court of Appeals in *United States v. Lanier*, 33 F.3d 639 (6th Cir. 1994), but that opinion was later vacated on the ground that sexual assault was not a constitutional crime. *U.S. v. Lanier*, 73 F.3d 1380 (6th Cir. 1996). Most recently, the Supreme Court ruled that the Court of Appeals used the wrong standard in determining whether sexual assault was a constitutional crime and remanded the case to the Court of Appeals. The Supreme Court did not address whether the judge was acting under color of law. *United States v. Lanier*, 520 U.S. 259 (1996). The Court of Appeals for the Sixth Circuit has not yet resolved the issue.

Defendant Hoover's position as a judge and his conduct of trying to impose his religious beliefs on Plaintiffs. While his behavior may have been highly inappropriate, it seems clear from the pleadings that Defendant Hoover's actions were private and cannot be fairly attributed to the state. For these reasons, Plaintiffs' section 1983 claim against Defendant Hoover should be dismissed with prejudice under Fed. R. of Civ. P. 12 (b)(6).

### III. Defendants City of Roswell and City Manager John Capps' Motion to Dismiss

Plaintiffs state that they talked to Defendant Capps about their problems with Defendant Hoover, and that he required them to attend counseling at Christian Professional Counseling Services, Inc. as a condition of their employment. Defendant Capps was the City Manager of Roswell at the time, and therefore was solely responsible for the hiring and discharge of city employees. *See* Roswell Code § 23-6(a). It does not appear to be in dispute that Defendant Capps was acting under color of law for purposes of 42 U.S.C. § 1983. Plaintiffs allege that Capps' behavior violated their First Amendment rights to freedom of speech and religion.

In order to allege a violation of freedom of speech, a plaintiff must show that he or she engaged in protected speech, and that the protected speech was a substantial or moving factor in the state's subsequent detrimental action. *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988). A public employee's speech is protected if it involves a matter of public concern, and the public interest in free comment outweighs the state's interest in preventing disruption among its employees. *Conaway*, 853 F.2d at 797. Speech disclosing malfeasance on the part of city officials is definitely a matter of public concern. *Conaway*, 853 F.2d at 794. Given the serious nature of the Plaintiffs' allegations against Defendant Hoover, his behavior was of public concern and it seems that the public interest in disclosure of his misconduct outweighs the state's interest

in avoiding disruption in the workplace.

However, in the complaint Plaintiffs fail to allege sufficient facts to show that Defendant Capp's decision to require them to attend "Christian counseling" was in retaliation for their speech. The facts alleged do not indicate that Defendant Capps' motive was to limit Plaintiffs' speech or that the counseling was detrimental, as *Conaway* implicitly requires. *See Conaway*, 853 F.2d at 794.

Plaintiffs also allege that Defendant Capps' decision to require them to attend "Christian counseling" violated the Establishment Clause of the First Amendment. Recently, in *Bauchman v. West High School*, 132 F.3d 542 (10th Cir. 1997), the Tenth Circuit discussed the appropriate test to be used in determining whether the Establishment Clause has been violated. In *Bauchman*, the court ruled that an action violates the Establishment Clause if (1) it has the purpose or effect of endorsing or prohibiting a religion, or (2) it creates an excessive entanglement between the state and religion. *Bauchman*, 132 F.3d at 551. An action has the effect of endorsing a religion if a reasonable observer would believe that the behavior promoted religious beliefs. *See Bauchman*, 132 F.3d at 553.

Here, Plaintiffs' complaint only states that Defendant Capps required them to attend "Christian counseling" at Christian Professional Counseling Services, Inc. They do not allege facts showing that the counseling that they actually received was religious, or that it had the purpose or effect of endorsing a religion. In *Bauchman* the plaintiff's complaint was dismissed for specifically these reasons. *See Bauchman*, 132 F.3d at 553.

Because the factual allegations contained in the Plaintiffs' complaint are insufficient to state a claim for violation of freedom of speech or religion under section 1983, the complaint

against Defendant Capps should be dismissed without prejudice under Fed. R. of Civ. P. 12(b)(6). However, the Plaintiffs may be able to allege facts sufficient to state a claim. Hence, I will allow them to amend their complaint by August 10, 1998, provided that they can do so in compliance with Rule 11.

Because the Plaintiffs failed to state a claim against Defendant Capps, they have also failed to state a claim against the City of Roswell for municipal liability under section 1983. Municipal liability is found when an official municipal policy violates federally protected rights. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). As the facts alleged against Defendant Capps are insufficient to show a constitutional violation, the city cannot be held liable for allowing an unconstitutional policy to exist and the claim against it also should be dismissed without prejudice. Plaintiffs' claim against the City for the behavior of Defendant Hoover should be dismissed with prejudice, as the City cannot be found liable under 42 U.S.C. § 1983 when the former judge was not acting under color of law.

IT IS THEREFORE ORDERED that:

(1) Plaintiffs' "Motion for Partial Summary Judgment on Grounds of Collateral Estoppel" [Doc. No. 16] is DENIED;

(2) Defendant Former Judge Richard T. Hoover's "Motion to Dismiss" [Doc. No. 12] is GRANTED and Plaintiffs' claims against him are dismissed with prejudice;

(3) Defendants City of Roswell and City Manager John Capps' "Motion to Dismiss" [Doc. No. 8] is GRANTED and Plaintiffs' claims against them are

dismissed without prejudice; and

(4) Plaintiffs may file an amended complaint in accordance with this

Memorandum Opinion and Order by August 10, 1998.

*[signature: James A. Parker]*
UNITED STATES DISTRICT JUDGE